{¶ 31} I concur with the conclusion that the order appealed is not a final, appealable order. I write separately to address the conduct of the trial court judge in his handling of this case.
 {¶ 32} The version of Canon One of the Ohio Code of Judicial Conduct in effect at the time of these proceedings provided:
 "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and personally shall observe those standards so that the integrity and independence of the judiciary will be preserved."
In my opinion, Judge Burge failed to meet these standards during this case. My review of the record leads me to question whether he personally observed the high standards of conduct necessary to preserve the integrity and independence of the judiciary.
 {¶ 33} Three specific instances highlight my concerns. First, Judge Burge acted as Defendant Rivera's interpreter during the crucial hearing that set the lethal injection challenge in motion. The procedures for the use of interpreters were clear at the time of the hearing. But Judge Burge did not wait for an interpreter to appear so that Defendant could understand the proceedings. Instead, he forged ahead, occasionally stopping to fill-in the defendant on what *Page 14 
was going on. Whether the translation was accurate or not is not the issue. Judge Burge's conduct relegated the defendant to the role of a non-participant. His decision to hold the hearing without an interpreter is even more appalling in light of the fact that Judge Burge, prior to taking the bench, had served as an interpreter for Defendant in an earlier criminal hearing. Judge Burge had to have known that Defendant required an interpreter and, rather than hearing this matter without one, he should have continued it so that Defendant could actively participate in his case independently from the judiciary.
 {¶ 34} Second, Judge Burge appeared to be personally vested in the matter before him. Defendant Rivera moved to dismiss the death penalty specification from the indictment. Rather than address this narrow issue, Judge Burge presided over a hearing to broadly consider whether the death penalty in Ohio is unconstitutional. This is not what Defendant wanted, as noted by the majority decision. But Judge Burge took control and lead the parties where he wanted to go.
 {¶ 35} Third, Judge Burge allowed his personal feelings to interfere with the orderly administration of justice. In July 2007, Defendant McCloud moved to join Rivera's motion regarding the death penalty. The state responded to the motion and argued that the only thing the two cases shared in common was a capital specification. It then argued that allowing McCloud to participate "is inviting potential reversible error in future appellate litigation. This Court would then be responsible for purposely creating potential reversible error in a death penalty case effectively sandbagging any attempt by the State of Ohio to seek, impose, and carry out a death sentence on either defendant." (McCloud Docket No. 111). On July 26, 2007, Judge Burge denied Defendant McCloud's motion, as the State urged, but treated it as a request to receive whatever relief Defendant Rivera received. *Page 15 
 {¶ 36} Later that day, after denying Defendant McCloud's motion, Judge Burge entered an order finding the prosecutor in direct contempt of court simply for the argument he made in the State's response. (McCloud Docket No. 113). While Judge Burge later modified the contempt order, it was only after the Sheriff served the summons and the State responded to the order. Judge Burge's failure to hold his emotions in check wasted more time and resources and created questions about the integrity and independence of the judiciary.
 {¶ 37} Judges must maintain and enforce high standards of conduct to preserve the integrity of the judiciary. There are times it is not easy to do this. But we do these things not because they are easy, but because they are necessary. Our choices as judges have grave consequences for the parties before us, for the justice system, and for all people.
 {¶ 38} But all is not lost. The record reflects that Defendant Rivera's case has been assigned to a new judge. When his case returns to the trial court, the judge now assigned can provide the parties with fair hearings, revisit those issues already decided where necessary, and hold himself and the parties to the high standard required to preserve the integrity of the judiciary. A fair and honorable judicial system benefits not only the parties who appear in court, but all citizens who must have confidence in the decisions reached by our nation's courts.
 {¶ 39} This is an important time. I encourage all involved to reflect on how they handle themselves as these cases move forward through the system.